**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ISIDRO LIBORIO BRUNO,**

**Petitioner,**

**v.**

**Civil No. 2:26cv821**

**ACTING FIELD OFFICE DIRECTOR,**
***U.S. Immigration and Customs Enforcement*, et al.,**

**Respondents.**

**ORDER**

This matter is before the Court on Petitioner Isidro Liborio Bruno's "Motion to Reopen Case." ECF No. 11. For the following reasons, Petitioner's motion is **GRANTED in part and DENIED in part.**

On August 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") arguing that he was improperly classified as subject to mandatory detention under 8 U.S.C. § 1225(b) when he should have been classified as detained under § 1226(a) which brings the benefit of a bond hearing to determine whether detention is appropriate. ECF No. 1, at 5-6. The Petition includes brief references to Petitioner's improper arrest and detention "without notice," but does not offer facts or argument adequately developing this claim for relief. Id. at 1, 7.

After Respondents filed their responsive brief, the Court granted the Petition and ordered that Petitioner receive a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 8, at 5.

Thereafter, Petitioner received his hearing and was denied bond. ECF No. 10. Following such denial, Petitioner filed the instant "Motion to Reopen Case," asking the Court to accept an attached "Amended Petition" indicating that he very recently "learned that [his] initial arrest was illegal and unconstitutional" and that as "laid out in the amended petition" he was arrested "on the basis of illegal and discriminatory racial stereotypes" and that as a result, he is entitled to "immediate release." ECF No. 11, at 1-2. Petitioner has submitted an amended petition as an attachment to his motion to reopen. ECF No. 11-1.

To the extent Petitioner seeks to reopen his closed habeas case to advance a new argument for relief that he identified only after he was denied bond, his motion is **DENIED** as his original case has been fully resolved and is properly closed. However, because Petitioner is not precluded from filing a second § 2241 Petition advancing new claims for relief, his motion is **GRANTED** to the extent he seeks to open a new habeas case. The Clerk is therefore **DIRECTED** to open a new § 2241 case, and to conditionally file the amended Petition in that case, ECF No. 11-1, subject to defect as Petitioner has not paid the § 2241 filing fee or filed a motion to proceed in forma pauperis.

Federal law requires that a habeas petitioner pay a filing fee of $5.00 or submit an affidavit requesting to proceed in forma pauperis. Accordingly, it is **ORDERED** that within thirty (30) days

from the date of this Order the Petitioner must accomplish one of the following actions:

1. Remit $5.00 as a filing fee to the Clerk of this Court, or
2. Complete and submit to the Clerk of this Court an "Affidavit in Support of Request to Proceed in Forma Pauperis."

The petition shall remain **CONDITIONALLY FILED**. If this Court does not receive from Petitioner the required filing fee or a request to proceed in Forma Pauperis as provided in numbered paragraph 2 above within thirty (30) days from the date of this Order, this matter may be dismissed without prejudice. See Evans v. Croom, 650 F.2d 521 (4th Cir. 1981). If Petitioner remits the $5.00 filing fee or files a valid motion and affidavit in support of waiving the filing fee, the Court will issue an order setting deadlines for further briefing in the newly opened habeas case.

The Clerk is directed to mail a copy of this Order and two copies of an Application to Proceed in Forma Pauperis, with the case number affixed, to Petitioner. If Petitioner intends to seek in Forma Pauperis status, he is **DIRECTED** to file one copy of the form with the Court and retain the other copy for his records. The Clerk is further directed to forward a copy of this Order to counsel for Respondents.

**IT IS SO ORDERED.**

/s/ MSD

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 14, 2026